## PATENT TITLE CO. v. STRATTON.[1]

(Circuit Court, D. Colorado. September 8, 1898.)

1. BILLS AND NOTES—WHAT LAW GOVERNS—PLACE OF CONTRACT.
The instrument sued on is a negotiable promissory note, and, having been made in Colorado, is to be governed by the statute of Colorado, instead of the general principles of the law merchant.

2. SAME—PURCHASER FROM BONA FIDE HOLDER.
The plaintiff, having received the paper from a bona fide holder, acquired a good title thereto.

[1] [We are indebted to Messrs. Banning & Sheridan, of the Chicago bar, for the report of this case.]

3. SAME—NEGOTIABILITY—FORM OF NOTE.

The fact that the note does not contain the words **"to order,"** or "to bearer" does not affect its negotiability.

4 SALE—RESCISSION—FAILURE TO EXERCISE OPTION.

The defendant, having reserved time in which to determine whether he would keep the stock purchased and pay the money, or return the stock and thus discharge the note, by failing to return the stock within the time reserved must be held to have elected to keep the stock and to pay the money.

5. SAME—FRAUD—LACHES.

The rule is well settled that a party must elect, as soon as he discovers that a fraud has been practiced upon him in the making of a contract, whether he will abide by the contract or not.

6. SAME—FRAUDULENT REPRESENTATIONS.

Statements and representations as to the value of inventions, and as to what could be done with them in the future, are insufficient upon which to predicate fraud.

This action was at law, on the following instrument, with its indorsements:

"Colorado Springs, Colorado, March 7th, 1896.

"I have this day purchased of Orrin B. Peck twenty-five hundred shares, of one hundred dollars each, of the capital stock of the Peck Colorado Company, of Chicago, Illinois, at par, being one-fourth of the capital stock of said company, a corporation of the state of Illinois; and I have paid to him the sum of fifty thousand dollars in cash, and one hundred thousand dollars to be placed in the treasury of said company, to be used and paid out in Colorado for the use of said company in said state from time to time as needed, in full payment for fifteen hundred of said shares. And for the remaining one thousand shares I am to pay the sum of one hundred thousand dollars in payments at the times and in the amounts as follows, viz.: Fifty thousand dollars on or before six months from this date, and the remaining fifty thousand dollars on or before January 1st, A. D. 1897; said payments to be made at Chicago, Illinois, by placing the amounts to the credit of the said Orrin B. Peck at the National Bank of Illinois, at the city of Chicago, Ill.: provided that I may, instead of making any or all or either of said payments, return to said Orrin B. Peck any portion of said one thousand shares at any time before the said payments, or either of them, becomes due, and thereupon be released and relieved from any obligations to pay for any and all such shares so returned. In case the stock is returned, it shall be by the assignment of the number of shares so returned, duly executed and delivered, with the certificate so assigned, to the said Orrin B. Peck, or to the said bank above mentioned for him.        W. S. Stratton.

"I hereby agree to the above, and the terms and conditions above set forth are consented to, and the same are satisfactory to me.        Orrin B. Peck.

"Pay to the order of Orlando H. Manning.        Orrin B. Peck.

"September 4th, 1896."

"I hereby assign all my right, title, and interest in the within instrument signed by W. S. Stratton, and dated March 7th, 1896, to the Patent Title Company, of Chicago, Illinois, without recourse on me, as vendor, assignor, or otherwise, in any event whatsoever; and the assignee accepts the same on that condition.        Orlando H. Manning."

Sections 243 and 244 of the statutes of Colorado (Mills' Ann. St.), in force at the time the above instrument was given, read:

"All promissory notes, bonds, due bills and other instruments in writing made by any person, whereby such person promises or agrees to pay any sum of money, or article of personal property, or any sum of money in personal property, or acknowledges any sum of money or article of personal property, to be due to any other person or persons, shall be taken to be due and payable to the person or persons to whom the said note, bond, bill, or other instrument in writing is made.

"Any such note, bill, bond or other instrument in writing, made payable to any person or persons, shall be assignable by endorsement thereon, under the hand of such person or his assignee, so as absolutely to transfer and vest the property thereof in each and every assignee successively."

The defendant in his answer denied, in his first defense, that the instrument sued on was a negotiable promissory note, but alleged that it was conditional and contingent, and amounted simply to a special contract; and in his second defense he set up a failure of consideration, fraudulent representations in the procuring of the instrument, attempted rescission of the contract by offering to return the stock in March, 1898, etc. To make out these defenses the defendant alleged: That the sole asset of the corporation issuing the stock mentioned in the instrument sued on was a license to use a certain patented process and patented machinery for the centrifugal concentration of ores within the state of Colorado, outside of El Paso county. That, to effect the sale of the stock to the defendant, the payee of the instrument sued on represented the process to be very valuable. That a mill could be erected at the defendant's mine, containing such patented machinery, which could successfully treat and concentrate not less than 200 tons of ore from said mine in 24 hours at a cost much less than the defendant was paying for the treatment of his ores. That said patented process would, on account of its superior fitness to all other processes then in use by the defendant and others throughout the state of Colorado, save as large a percentage of the values in said ores, and in all ores mined throughout the state of Colorado, as could be saved by any other process, at much less cost for treatment. That the payee promised and agreed to erect such a mill at defendant's mine. That when erected the machinery in said mill broke down and proved worthless, in making a test of the same upon defendant's ores. That the payee had by a written contract of warranty guarantied and warranted said mill to fulfill his said representations. That upon such representations and written warranty defendant wholly and entirely relied in purchasing the stock and giving the instrument sued on. That the written warranty had wholly failed, and the representations made were wholly false and untrue, and the process as well as the stock was wholly worthless. That the defendant had tendered back the stock in March, 1898. That more than one year prior thereto he had notified the holder of the instrument sued on of his intention not to pay it, on account of the facts aforesaid. And that the plaintiff had knowledge of the failure of the consideration of the instrument in suit at the time of its purchase thereof.

The plaintiff moved to strike out the allegation of the first defense, to the effect that the instrument sued on was not a negotiable promissory note, and demurred to the second defense. The grounds of demurrer relied on were: (1) That, the instrument sued on being a negotiable promissory note, the second defense was insufficient, as it failed to allege knowledge in plaintiff's assignor of any equities on the part of the defendant, so that, being an innocent purchaser, he transmitted a good title to the plaintiff; (2) that as the instrument sued on reserved a particular mode for discharging it, aside from the payment of money, it could be discharged in no other way, and that the second defense was insufficient, as it failed to allege a discharge or attempted discharge in the mode reserved; (3) that, as the instrument sued on gave the defendant time in which to decide whether to keep the stock and pay the money, or to return the stock and discharge the obligation, the failure to return the stock within the prescribed time was an election to keep it and pay the money, and that the second defense was insufficient, in that it showed no reason why such election should not be effectuated and enforced; (4) that, as the second defense showed on its face that the defendant had knowledge of the alleged fraud for more than a year before he attempted to rescind the contract, his delay amounted to a confirmation of the contract, and a waiver of any supposed right of rescission; (5) that inasmuch as the defendant had until December 31, 1896, a contractual right to extinguish his liability by returning the stock purchased, any ground for rescinding the contract in existence and known to the defendant prior to such date was waived, extinguished, and lost by the

nonexercise of his contractual right, and that the second defense was insufficient, in that it failed to show that the grounds of rescission relied on arose after, or were ascertained after, the expiration of the period reserved by the contract in which to determine whether to return or to keep the stock; (6) that in rescinding a contract the entire consideration must be returned or tendered back, and that the second defense was insufficient, in that it showed that the defendant had only tendered back a portion of the consideration; (7) that the second defense was insufficient, in that while it showed that the instrument sued on was given for the purchase of stock in a company having an exclusive license to use certain patented machinery and processes in Colorado, which machinery and processes it alleged were wholly worthless and of no value, it failed to allege that the patents were invalid or void, so that such exclusive license could not be preserved and enjoyed under the patents, whereby there would result a failure of consideration; and (8) that the statements and representations alleged to have been made at the time the instrument sued on was given related simply to the supposed value of the inventions, and what could be done with them in the future, and did not relate to past or existing material facts, so that the second defense failed to present any case of fraud as relied on.

In support of the first ground of demurrer, plaintiff cited National Bank of Washington v. Texas, 20 Wall. 90; McClure v. Oxford Tp., 94 U. S. 432; Sappington v. Pulliam, 3 Scam. 387; Roosa v. Crist, 17 Ill. 452; Thackeray v. Hanson, 1 Colo. 367; Cowan v. Hallack, 9 Colo. 577, 578, 13 Pac. 700; Lee v. Balcom, 9 Colo. 216, 11 Pac. 74; Hunt v. Divine, 37 Ill. 144; Meyer v. Weil, 37 La. Ann. 160; Carnahan v. Pell, 4 Colo. 194; Kiskadden v. Allen, 7 Colo. 207, 3 Pac. 221; Bilderback v. Burlingame, 27 Ill. 341; Archer v. Claflin, 31 Ill. 315; Vanhooser v. Logan, 3 Scam. 390; Potter v. Gronbeck, 117 Ill. 408, 7 N. E. 586; Jones v. Hubbard, 17 Ill. App. 567; Borah v. Curry, 12 Ill. 67, 68; Stewart v. Smith, 28 Ill. 406; Jacquin v. Warren, 40 Ill. 461; Turner v. Railroad Co., 95 Ill. 145; Norris v. Harris, 15 Cal. 226; Ernst v. Steckman, 74 Pa. St. 13; Union Loan & Trust Co. v. Southern California Motor-Road Co., 51 Fed. 840; Daniel v. Andrews, Dud. (Ga.) 157; Pool v. McCrary, 1 Ga. 321; Hatcher v. Chancey, 71 Ga. 691; Nipp v. Diskey, 81 Ind. 214; Iron Works v. Cuppey, 41 Iowa, 104; Riggs v. Price, 3 G. Greene, 334. In support of the second ground of demurrer, plaintiff cited McKay v. Carrington, 1 McLean, 54, Fed. Cas. No. 8,841; Pottle v. Thomas, 12 Conn. 572; Wilson v. Davis, 5 Watts & S. 523; Davis v. Parish, Litt. Sel. Cas. 153. In support of the third ground of demurrer, plaintiff cited Bish. Cont. (Enlarged Ed.) § 808; 6 Am. & Eng. Enc. Law, p. 251, under the head of "Election"; Marlor v. Railroad Co., 21 Fed. 385. In support of the fourth ground of demurrer, the plaintiff cited Grymes v. Sanders, 93 U. S. 62; Stuart v. Hayden, 18 C. C. A. 618, 72 Fed. 411; Cummins v. Lods, 1 McCrary, 340, 2 Fed. 661; Auld v. Travis, 5 Colo. App. 544, 39 Pac. 357; Grannis v. Hooker, 31 Wis. 474. In support of the fifth ground of demurrer, plaintiff cited Stearns v. Page, 7 How. 829; Moore v. Green, 19 How. 72; Beaubien v. Beaubien, 23 How. 208; Wood v. Carpenter, 101 U. S. 135. In support of the seventh ground of demurrer, plaintiff cited Kneass v. Bank, 4 Wash. C. C. 12, Fed. Cas. No. 7,875; Cook v. Ernest, 5 Fish. Pat. Cas. 396, Fed. Cas. No. 3,155; Wilson v. Hentges, 26 Minn. 288, 3 N. W. 338; Pottle v. Thomas, 12 Conn. 569. In support of the eighth ground of demurrer, the plaintiff cited Bigelow, Frauds, p. 13; Kernodle v. Hunt, 4 Blackf. 57; Hunter v. McLaughlin, 43 Ind. 46; Neidefer v. Chastain, 71 Ind. 364; Fouty v. Fouty, 34 Ind. 435; Burt v. Bowles, 69 Ind. 6; Fenwick v. Grimes, 5 Cranch, C. C. 439, Fed. Cas. No. 4,733; Long v. Woodman, 58 Me. 52; Bigham v. Bigham, 57 Tex. 240; Electric Co. v. Dixon (Minn.) 49 N. W. 244; Adams v. Schiffer, 11 Colo. 29, 17 Pac. 21; Beard v. Bliley, 3 Colo. App. 483, 34 Pac. 271.

In support of his contention that the instrument sued on was not a negotiable promissory note, because of alleged uncertainty and contingency, the defendant, in addition to some of the above cases, cited Jennings v. Bank, 13 Colo. 417, 22 Pac. 777; White v. Smith, 77 Ill. 351; Miller v. Stone Co., 1 Ill. App. 273; Kelly v. Hemmingway, 13 Ill. 604; Biles, Bills, § 7; Benj. Chalm. Dig. §§ 10, 12; Kingbury v. Wall, 68 Ill. 311; Baird v. Underwood,

74 Ill. 176; Husband v. Epling, 81 Ill. 174; Bank v. McCrea, 106 Ill. 292; Bank v. Alton, 60 Conn. 407, 22 Atl. 1010; Hodges v. Hall, 5 Ga. 165; Brooks v. Hargreaves, 21 Mich. 260.

Thomas A. Banning and Carpenter & McBird, for plaintiff.

J. W. Ady, Wolcott & Vaile, and C. W. Waterman, for defendant.

RINER, District Judge (orally). In this case a motion to strike out a portion of the first defense set out in the answer and a demurrer to the second defense set out in the answer were filed on the 9th of June, 1898. This motion and demurrer were argued both orally and by brief in July, and the court, after an examination of the numerous decisions cited in the briefs, has reached the following conclusions:

1. That the instrument sued on is a negotiable promissory note, and, having been made in Colorado, is to be governed by the statute of Colorado, instead of the general principles of the law merchant; that the plaintiff, having received the paper from a bona fide holder, acquired a good title thereto.

2. The fact that the note does not contain the words "to order" or "to bearer" does not affect its negotiability. The statute does not require the use of these or similar words to make the instrument negotiable. It becomes negotiable by effect and operation of law, and the assignment transfers the interest in the same manner as bills of exchange.

3. The defendant had 10 months in which to determine whether he would keep the stock and pay the money, or return the stock and thus discharge the note, and his failure to return the stock within the time provided in the contract must be held to be an election to keep it and to pay the money.

4. The answer shows that the defendant had knowledge of the fraud of which he complains for more than a year prior to the 12th of March, 1898. The rule is well settled that a party must elect as soon as he discovers the fraud practiced upon him whether he will abide by the contract or not. He cannot adopt the contract if it proves to be beneficial and profitable, and also have the right to repudiate it if it proves to be a bad speculation.

5. The second defense in the answer is insufficient, because the statements and representations complained of do not relate to past or existing material facts, but rather to the supposed value of the inventions, and to what could be done with them in the future.

The demurrer to the second defense will be sustained. The conclusion reached by the court upon the demurrer necessarily disposes of the motion to strike, and that will also be sustained.